Case: 1:26-mj-000113
Assigned To: Judge Upadhyaya, Moxila A.
Assign. Date: 7/13/2026
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On July 10, 2026, at approximately 11:00 p.m., officers with the Metropolitan Police Department received a call for service about sounds of gunshots at 322 9th Street NE, Washington, D.C. The 911 dispatcher informed the responding officers that the reporting party, hereinafter referred to as CP-1, heard a "loud boom" and saw a "muzzle flash" on CP-1's security camera. CP-1 described the individual who discharged the firearm as a 5'10", bald, black male, with a medium build, wearing a green neon reflective vest, khaki pants, and a black bookbag.

MPD Officer Ables met with CP-1, who provided video footage showing the suspect placing his right arm into his backpack and discharging a firearm while he walked in an alleyway.



*Figure 1: Suspect Shooting Firearm with Visible Muzzle Flash (Circled in Red)*

The suspect then turned left out of the alley and headed southbound in the 300 Block of 9th Street SE, Washington, D.C.

At approximately 9:11 p.m., MPD Officer Davies was canvasing the surrounding area when he observed an individual, later identified as John Bradham (DOB:          ) ("BRADHAM"), who matched the unique description provided by CP-1.

1



*Figure 2: Law Enforcement Initially Stopping BRADHAM (Circled in Red)*

MPD Officer Davies ultimately stopped BRADHAM in the 200 Block of 8th Street SE, Washington, D.C., with the assistance of MPD Officer Hoffman. While placing BRADHAM in handcuffs, Officer Davies observed what he immediately recognized to be a firearm protruding from an open compartment of BRADHAM's backpack, which BRADHAM was wearing. Officer Davies removed the firearm from BRADHAM's backpack for Officer safety (see Figure 3 on next page).



***Figure 3: Firearm Protruding from BRADHAM's Backpack
in Plain View (Circled in Red)***

Personnel with the Department of Forensic Sciences ("DFS") were called to the scene to recover the firearm. DFS identified the firearm as a P80 9mm ghost handgun with no serial number. The firearm contained a 27 round magazine loaded with 5 rounds of 9mm ammunition. A sixth 9mm round was in the chamber of the firearm. The firearm appeared to be fully functional and capable of expelling a projectile by means of an explosive action with a single hand and had a barrel length of less than twelve (12) inches.

MPD officers then conducted a search of BRADHAM's backpack incident to his arrest. This revealed one (1) 9mm shell casing, consistent with the caliber of the handgun recovered from BRADHAM's backpack. While in custody, BRADHAM spontaneously uttered, "I just found it (the gun) up in the alley and I fired it to see if it worked."

MPD Officers confirmed with the Real Time Crime Center that BRADHAM had neither a valid concealed carry license nor a firearms registration certificate. A query of law enforcement databases also confirmed that BRADHAM had an active warrant for a parole violation out of the D.C. Superior Court in connection to Case No. 2002 FEL 005368.

Your affiant reviewed information associated with Case No. 2002 FEL 005368. Specifically, your affiant determined that on April 10, 2003, BRADHAM pled guilty to Murder II While Armed, and on November 16, 2004, BRADHAM was sentenced to sixteen (16) years of incarceration and five (5) years of supervised release for that offense.

BRADHAM was then placed under arrest and transported to the First District precinct for carrying a pistol without a license; possession of unregistered ammunition; possession of a large capacity ammunition feeding device; felon in possession of a firearm; possession of a "ghost gun"; possession of an unregistered firearm; unlawful discharge of a firearm; endangerment with a firearm; and fugitive from justice and in violation of D.C. Code and United States Code.

While at the First District Precinct, BRADHAM agreed to speak with law enforcement. During that discussion, BRADHAM stated, among other things, that "I didn't think it was real, and when I tested it, I found out that it was . . . I found it in one of those alleys[.]"

There are no ammunition manufacturers in the District of Columbia. Therefore, the ammunition described above necessarily traveled in interstate commerce before it was recovered in the District of Columbia.

Based on the facts contained in this affidavit, there is probable cause to believe that BRADHAM unlawfully possessed a: (i) firearm and ammunition after having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and 22 D.C. Code §§ 4503(a)(1) and (b)(1); and (ii) prohibited weapon, i.e., a ghost gun, in violation of 22 D.C. Code §§ 4514(a) and (c)(1).

Respectfully submitted,

_____
Jason Hoffman Badge # 8144
Metropolitan Police Department

Subscribed and sworn by telephone pursuant to Federal Rule of Criminal Procedure 4.1 on July 13, 2026.

_____
HONORABLE MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE